UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES K. BEATTIE,                     )
                                        )
                    Petitioner,         )        Case No. 1:05-cv-619
                                        )
v.                                      )        Honorable Robert Holmes Bell
                                        )
CARMEN PALMER,                          )
                                        )
                    Respondent.         )
_____ )

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition.

**Discussion**

I.      Factual allegations

Petitioner Charles K. Beattie presently is incarcerated with the Michigan Department of Corrections and housed at the Riverside Correctional Facility.  Petitioner pleaded guilty to absconding on bond, MICH. COMP. LAWS § 750.199a, and obtaining money under false pretenses, MICH. COMP. LAWS § 750.218b, in Kent County Circuit Court.  On September 26, 1996, Kent County Circuit Court sentenced Petitioner to prison terms of six months to four years for the absconding on bond conviction and one to ten years for the obtaining money under false pretenses conviction.  The Michigan Department of Corrections (MDOC) released Petitioner on parole on May 10, 2003.

On May 10, 2005, Petitioner was arrested on first degree home invasion charges in Kent County.  According to MDOC Parole Violation Reports dated May 12 and May 20, 2005, the MDOC charged Petitioner with a parole violation arising from the same incident and Petitioner waived his right to a preliminary parole violation hearing.  In the May 20, 2005 Parole Violation Report, Mr. Edward Budnick, a parole board member, recommended that Petitioner remain on parole  *See* 9/13/05 Pet., Ex. F 1-3 & F 2-3.  On June 10, 2005, Petitioner requested to adjourn his formal parole revocation hearing under MICH. COMP. LAWS § 791.240a(3).  As a result, Petitioner waived his right to a hearing within forty-five days after May 20, 2005, the date Petitioner became available for return to the MDOC.  According to the MDOC Request for Adjournment of Parole Revocation dated June 10, 2005, Petitioner's formal revocation hearing remains adjourned until he notifies the Administrative Law Examiner and the Parole Violation Unit - Office of Field Programs, in writing, to proceed with the hearing.  After notification, the MDOC will conduct Petitioner's formal parole

- 2 -

revocation hearing within forty-five days.  On August 2, 2005, Petitioner partially requested a formal parole revocation hearing by notifying the Administrative Law Examiner in writing.[1]  While it is difficult to decipher Petitioner's arguments, he appears to claim the Michigan Parole Board violated his rights under the Due Process Clause by failing to conduct a parole revocation hearing by September 16, 2005, forty-five days after his written notification to the Administrative Law Examiner.  Petitioner filed a petition for habeas relief on September 13, 2005 (docket # 1) and an amended petition on September 26, 2005 (docket # 5).

Petitioner also argues that the parole board has not issued its final decision in accordance with MICH. COMP. LAWS § 791.240a(6).  Petitioner maintains the parole board should have issued its final decision within sixty days after May 20, 2005, the date Petitioner became available for return to the MDOC, or on July 19, 2005.  *See* MICH. COMP. LAWS § 791.240a(6). MICH. COMP. LAWS § 791.240a(6) requires the parole board to issue its final decision to Petitioner "within 60 days after the paroled prisoner has been returned or is available for return to a state correctional facility."[2]

Petitioner finally claims that since the court dismissed the first degree home invasion charge, there is insufficient evidence to support a parole violation under MICH. COMP. LAWS § 791.240a(4).  Petitioner, however, pleaded guilty to a reduced charge of receiving and concealing

---

[1]According to the MDOC Request for Adjournment of Parole Revocation Hearing dated June 10, 2005, Petitioner must notify the Administrative Law Examiner and the Parole Violation Unit - Office of Field Programs, in writing for a hearing.  Petitioner, however, only notified the Administrative Law Examiner.

[2]Since MICH. COMP. LAWS § 791.240a(1) does not permit a parolee convicted of a misdemeanor a parole revocation hearing, Petitioner's request for adjournment of his parole revocation hearing is moot.  *But see Witzke v. Withrow*, 702 F. Supp. 1338, 1349 (W.D. Mich. 1988) (holding that MICH. COMP. LAWS § 791.240a(1) is unconstitutional as applied to a parolee convicted of a misdemeanor when parole is revoked without a hearing on the mitigation phase of the parole revocation decision in accordance with MICH. COMP. LAWS § 791.240a(2)(d)).

stolen property, a misdemeanor, on August 5, 2005. He received a sentence of sixty days with sixty days time served. Petitioner remains incarcerated due to his parole violation. For relief, Petitioner requests to be reinstated on parole.

II.     Failure to exhaust available state court remedies

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). According to his petition, Petitioner did not exhaust any of his available state court remedies. The Supreme Court has recognized a parolee's due process right to adequate procedures

leading up to the revocation of parole. *See Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). However, a petitioner must exhaust state remedies for these claims. 28 U.S.C. § 2254(b); *see Sneed v. Donahue*, 993 F.2d 1239, 1241 (6th Cir. 1993) (noting that petitioner had exhausted all state remedies before bringing habeas action); *Brewer v. Dahlberg*, 942 F.2d 328, 337 (6th Cir. 1991) (dismissing challenge to state parole revocation because state remedies were arguably available). The federal habeas court will require exhaustion only if there is some "reasonable probability" that the state remedy is available. *Witzke v. Withrow*, 702 F. Supp. 1338, 1349 (W.D. Mich. 1988) (citing *Powell v. Wyrick*, 657 F.2d 222, 224 (8th Cir. 1981)). The following state remedies are available to a petitioner contesting his parole revocation: (1) judicial review of his parole revocation under the Administrative Procedures Act, (2) writ of mandamus, and (3) a petition for state habeas corpus.

Parole revocations are subject to direct review under Michigan's Administrative Procedures Act, MICH. COMP. LAWS § 24.304(1). *See Penn v. Dep't of Corr.*, 298 N.W.2d 756, 757-58 (Mich. Ct. App. 1980)(noting that the MDOC is an agency for purposes of the Administrative Procedures Act and that a parole revocation proceeding is a contested case that triggers application of the Administrative Procedures Act); *Witzke*, 702 F. Supp. at 1348-49. Under the Administrative Procedures Act, a petitioner may file a petition in circuit court to appeal a final decision of the parole board within sixty days after the date of mailing notice of the agency's final decision. *See* MICH. COMP. LAWS § 24.304(1). Since the parole board never issued a *final decision* in this case in accordance with MICH. COMP. LAWS § 791.240a(6), the Administrative Procedures Act may not be available to Petitioner. *See Cohen-Hatfield Indus., Inc. v. State of Michigan,* 259 N.W.2d 452, 454

(Mich. Ct. App. 1977). Petitioner is not required to exhaust an unavailable remedy. *See Witzke*, 702 F. Supp. at 1349.

Petitioner may, however, file a writ of mandamus to direct the parole board to conduct a parole revocation hearing and to issue its final decision under MICH. COMP. LAWS §§ 791.240a(1) & (6). The proper forum for challenging the violation of the forty-five day requirement for a formal parole revocation hearing in MICH. COMP. LAWS § 791.240a(1) is a writ of mandamus rather than a writ of habeas corpus. *Jones v. Dep't of Corr.,* 664 N.W.2d 717, 724 (Mich. 2003) ("[w]here an official has a clear legal duty to act and fails to do so, the appropriate remedy is an order of mandamus."). It is uncertain as to whether MICH. COMP. LAWS § 791.240a(1) entitles Petitioner to a parole revocation hearing because Kent County Circuit Court convicted Petitioner of a misdemeanor. "Within 45 days after a paroled prisoner has been returned or available for return to a state correctional facility under accusation of a parole violation *other than conviction for a felony or misdemeanor punishable by imprisonment*, . . ., the prisoner is entitled to a fact-finding hearing . . . ." MICH. COMP. LAWS § 791.240a(1). On its face, the statute fails to provide a parolee with the right to a fact-finding hearing when a parole violation arises from the conviction of a misdemeanor. In *Witzke*, 702 F. Supp. at 1354-55, however, this Court held that MICH. COMP. LAWS § 791.240a(1) is unconstitutional as applied to a parolee convicted of a misdemeanor because parole is revoked without the due process required in *Morrissey. See Morrissey*, 408 U.S. at 471. Petitioner, therefore, may file a writ of mandamus to direct the parole board to conduct a hearing on the issue of mitigation in accordance with *Witzke*, 702 F. Supp. at 1354-55.

Petitioner is also entitled to file a writ of mandamus to compel the parole board's compliance with MICH. COMP. LAWS § 791.240a(6). *See Morgan v. Dep't of Corr.,* No. 246732,

2004 WL 1416252, at *2 (Mich. Ct. App. June 24, 2004).  MICH. COMP. LAWS § 791.240a(6) requires the parole board to issue its final decision for a parole revocation within sixty days after the paroled prisoner has been returned or is available for return to a state correctional facility.  Under this reasoning, the parole board should have issued a final decision by July 19, 2005, which is forty-five days after May 20, 2005, the date that Petitioner was available for return to the MDOC.  To exhaust his available state court remedies, Petitioner may file a writ of mandamus in state court to direct the parole board to hold a parole revocation hearing on the issue of mitigation pursuant to *Witzke*, 702 F. Supp. at 1354-55, and to issue its final decision in accordance with MICH. COMP. LAWS § 791.240a(6).

Finally, Petitioner may attack a parole revocation decision by filing a state petition for habeas corpus.  *Hinton v. Michigan Parole Bd.*, 383 N.W.2d 626, 629-30 (Mich. Ct. App. 1986); *Triplett v. Deputy Warden*, 371 N.W.2d 862, 865 (Mich. Ct. App. 1985); *see also Caley v. Hudson*, 759 F. Supp. 378, 381 (E.D. Mich. 1991) (dismissing federal habeas corpus petition by a state prisoner for lack of exhaustion of his available state habeas corpus action to challenge his revocation of parole).  Petitioner may at any time, file a state writ of habeas corpus to challenge the revocation of his parole as long as the prisoner will be in custody at the time the judgment becomes effective. *See Triplett*, 371 N.W.2d at 865. A writ of habeas corpus tests the legality of detaining an individual and restraining him of his liberty.  *Morgan,* 2004 WL 1416252, at *1 (citing *Hinton*, 383 N.W.2d. at 630).  However, the writ of habeas corpus is only available for radical defects rendering a proceeding "absolutely void."  *Hinton*, 383 N.W.2d. at 630.  "A radical defect in jurisdiction contemplates . . . an act or omission by state authorities that clearly contravenes an express legal

- 7 -

requirement in existence at the time of the act or omission." *Id.* (citing *People v. Price,* 179 N.W.2d 177, 180 (Mich. Ct. App. 1970)).

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least two available state court remedies. First, Petitioner may file a writ of mandamus to compel the parole board to conduct a formal parole revocation hearing in accordance with *Witzke*, 702 F. Supp. at 1354-55 and to prepare the parole board's final decision under MICH. COMP. LAWS § 791.240a(6). Second, Petitioner may file a petition for state habeas corpus.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Where a petitioner has failed to pursue an avenue of appellate review available to him, such as the Administrative Procedures Act, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*." ) (emphasis added). Petitioner has one year from the date that Petitioner's parole revocation becomes final in which to file his habeas petition in this Court. A properly filed application for state postconviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). An application is "properly filed" "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4 (2000). Here,

- 8 -

Petitioner has failed to file for any state review of his parole revocation.  Accordingly, Petitioner's claims are not exhausted under 28 U.S.C. § 2254(b)(1).

### Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application without prejudice for lack of exhaustion pursuant to 28 U.S.C. § 2254(b)(1).

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district

- 9 -

court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion.  Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate.  *Id.*  The Court finds that reasonable jurists could not debate that this Court correctly dismissed each of petitioner's claims on the procedural ground  of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*  Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.

Date:   December 14, 2005            /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT  JUDGE